IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ST. CLAIR,

    Plaintiff,

vs.                                                                  No. CIV 16-1229 JB/CG

THE GEO GROUP, INC.;
FNU DRUMM; FNU HORTON;
FNU BEATTY; FNU HATCH

    Defendants.

## **MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on Defendants The Geo Group, Inc., Beatty, and Hatch's Notice of Removal, filed November 9, 2016 (Doc. 1)("Notice of Removal"). Defendants The Geo Group, Inc., Beatty, and Hatch ("the Geo Defendants") removed this action to federal court "because St. Clair asserts federal constitutional claims," and "because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs." Notice of Removal at 2. Having reviewed the pleadings of record, the relevant case law, and otherwise being fully advised in the premises, the Court will require the Geo Defendants to show cause why the Court should not remand this case to the Eighth Judicial District, Union County, State of New Mexico, for lack of jurisdiction.

On May 2, 2016, Plaintiff Michael St. Clair filed a Complaint For Damages For Personal Injury against Defendants The Geo Group, Inc., Drumm, Horton, Beatty, and Hatch in the Eighth Judicial District, Union County, State of New Mexico (Doc. 1-1)("Complaint"). St. Clair's Complaint seeks compensatory and punitive damages for injuries that he sustained during his incarceration at the Northeast New Mexico Detention Center ("NENMDC") in March and May

of 2013.  See Complaint ¶¶ 12-19 & ¶ a, at 2-3.  Specifically, St. Clair's Complaint raises two claims: (i) that Defendants Drumm, Beatty, and Hath failed to provide medical care after St. Clair slipped and fell in his cell on March 16, 2013; and (ii) that the Geo Defendants acted with reckless disregard to St. Clair's health and safety by exposing him to Phase-4 Gas[1] at NENMDC on May 2, 2013.  See Complaint ¶¶ 15-26, at 3-4.

"Removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal."  Vajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982)(citation omitted).  "The party invoking federal jurisdiction has the burden to establish that it is proper and there is a presumption against its existence."  Salzer v. SSM Health Care of Oklahoma, Inc., 762 F.3d 1130, 1134 (10th Cir. 2014)(internal quotation marks and citation omitted).  Pursuant to 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that [it] lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action

---

[1]"Phase-4 Gas" appears to be a misnomer.  It is not a brand name.  Used as a common noun, "phase-4 gas" is a circumlocution for plasma, i.e. gas superheated to greater than nine thousand degrees Fahrenheit.  See, e.g., Francis F. Chen, Introduction to Plasma Physics and Controlled Fusion 2-4 (3d ed. 2015).  NENMDC plausibly has some equipment, such as an arc welder, that could generate small amounts of plasma.  This plasma could not, however, be "sprayed" in the manner the Complaint alleges.  See Complaint ¶ 21, at 4.  Moreover, exposure to superheated gas would result in injuries different than those the Complaint describes.  Compare Complaint ¶ 22, with Jane Blunt & Nigel C. Balchin, Health and Safety in Welding and Allied Processes 11-15 (5th ed. 2002).  As best the Court can determine, St. Clair meant to say "Level-4 Gas."  As the National Fire Protection Association defines the term, a "level-4 gas" is a gas that could be expected to kill half of those people exposed to it when it is acutely inhaled at a concentration of less than or equal to one thousand parts per million parts air.  See National Fire Protection Association, NFPA 704: Standard System for the Identification of the Hazards of Materials for Emergency Response 8 tbl. 5.2 (2017 ed.), available at http://www.nfpa.org/codes-and-standards/all-codes-and-standards/list-of-codes-and-standards?mode=code&code=704   (last visited December 16, 2016)(free subscription required).

> brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(c).  "In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005)(internal quotation marks and citation omitted).

To determine whether federal-question jurisdiction exists, the Court must apply the well-pleaded complaint rule.

> Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331, and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. . . . Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction.

Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1220 (10th Cir. 2011).  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)(noting that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law").  Thus, "[t]he plaintiff can elect the judicial forum -- state or federal -- based on how he drafts his complaint.  Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his . . . claim . . . he can nevertheless avoid federal jurisdiction by exclusive reliance on state law."  Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1223 (10th Cir. 2012)(internal quotation marks and citation omitted).

St. Clair's Complaint does not allege that Defendants' conduct violated the Constitution, laws, or treaties of the United States of America.  Rather, St. Clair's Complaint appears to raise only state law claims against the Defendants for personal injury.  Under the well-pleaded

complaint rule, therefore, the Court concludes that a federal question does not appear on the face of St. Clair's Complaint.

Section 1332(a) of Title 28 of the United States Code governs diversity jurisdiction and provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different State." 28 U.S.C. § 1332(a)(1).  Neither the Notice of Removal nor St. Clair's Complaint identifies the citizenship of the parties.[2]  As the removing parties seeking to invoke federal jurisdiction, the Geo Defendants bear the burden to establish that complete diversity of citizenship exists between the parties.  See Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014)(holding that the party invoking diversity jurisdiction bears the burden of proving that there is complete diversity "between all plaintiffs and all defendants," and that "no plaintiff and no defendant are citizens of the same state").  The Geo Defendants have failed to fulfill this burden and, therefore, the Court will require them to show cause why the Court should not remand to the Eighth Judicial District, Union County, State of New Mexico.

**IT IS ORDERED** that, within thirty days of the date of this Order, Defendants The Geo Group, Inc., Beatty, and Hatch shall show cause why the Court should not remand this action to the Eighth Judicial District, Union County, State of New Mexico, for lack of jurisdiction.

---

[2] Although St. Clair's Complaint alleges that the Geo Group, Inc. "is a Florida Corporation," it fails to contain any factual allegations regarding the citizenship of the individual defendants, averring merely that they were "employed by the Geo Group in 2013 in its Clayton, New Mexico Facility."  Complaint ¶¶ 2-6, at 1-2.  According to the Complaint, St. Clair "currently resides in a correctional facility in Kentucky."  Complaint ¶ 1, at 1.  The United States Court of Appeals for the Tenth Circuit has held that, "[b]ecause domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state."  Smith v. Cummings, 445 F.3d 1254, 1259 (10th Cir. 2006).  Neither the Notice of Removal nor St. Clair's Complaint contains any factual allegations regarding St. Clair's citizenship before his incarceration in Kentucky.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stacey Ward
Los Lunas, New Mexico

    *Attorney for the Plaintiff*

April D. White
Yenson, Allen & Wosick, P.C.
Albuquerque, New Mexico

    *Attorney for Defendants The Geo Group, Inc., Beatty, and Hatch*