IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL ST. CLAIR,

    Plaintiff,

vs.                                                                                                                        No. CIV 16-1229 JB/CG

THE GEO GROUP, INC., FNU DRUMM,
FNU HORTON, FNU BEATTY, FNU
HATCH,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

**THIS MATTER** comes before the Court on Certain Defendants' Response to Order to Show Cause, filed January 16, 2017 (Doc. 7)("Response") to the Court's Memorandum Opinion and Order to Show Cause, filed December 19, 2016 (Doc. 5)("MOO"), which required Defendant The GEO Group, Inc., FNU Beatty, and FNU Hatch (collectively "The GEO Group Defendants") to show cause why the Court could not remand this action to the Eighth Judicial District, Union County, State of New Mexico, for lack of jurisdiction. See MOO at 4. In their Response, The GEO Group Defendants "agree removal was not proper pursuant to the diversity statute in light of 28 U.S.C. § 1441(b)(2)," but contend that "removal was proper pursuant to § 1331 . . . given the nature of the factual allegations, including allegations that these Defendants were aware of and disregarded the risk of harm associated with the deployment of chemical agents and were aware of and disregarded Plaintiff's requests for medical care." Response at 2. In light of these factual allegation, The GEO Group Defendants have "construed the Complaint as asserting claims pursuant to 42 U.S.C. § 1983 for violation of the Eighth Amendment" and have verified their construction of Michael St. Clair's Complaint for Damages for Personal

Injury, filed November 9, 2016 (Doc. 1-1)("Complaint"), with counsel for Plaintiff Michael St. Clair, who "confirmed her intent to assert claims on Plaintiff's behalf under both state and federal law."  Response at 2.  For the reasons set forth below, the Court concludes that St. Clair's well-pleaded complaint does not raise any claims arising under federal law and, therefore, this case will be remanded to the Eighth Judicial District, Union County, State of New Mexico for lack of subject matter jurisdiction.

As previously explained to the Defendants, "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against removal."  Fajen v. Found. Reserve Ins. Co, Inc., 683 F.2d 331, 333 (10th Cir. 1982)(citation omitted).  To determine whether federal question jurisdiction exists, the Court must "look to the face of the complaint."  Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012).  Specifically, the Court must "'look to the way the complaint is drawn' and ask, is it 'drawn so as to claim a right to recover under the Constitution and laws of the United States?"  Firstenberg v. City of Santa Fe, 696 F.3d at 1023 (quoting Bell v. Hood, 327 U.S. 678, 681 (1946)).

> For a case to arise under federal law within the meaning of § 1331, the plaintiff's "well-pleaded complaint" must establish one of two things: "wither that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

Firstenberg v. City of Santa Fe, 696 F.3d at 1023 (quoting Nicodemus v. Union Pac. Corp., 440 F.3d 1227, 1232 (10th Cir. 2006)).

St. Clair's Complaint raises two claims: (i) that Beatty, Hatch, and Defendant FNU Drumm failed to provide medical care after St. Clair slipped and fell in his cell on Mach 16, 2013; and (ii) that The GEO Defendants acted with reckless disregard to St. Clair's health and safety by exposing him to Phase-4 gas at the Northeast New Mexico Detention Center on May 2, 2013.  See Complaint ¶¶ 10-26, at 2-4.  Federal law does not create these two causes of action,

and the Complaint does not allege that Defendants' conduct violated the Constitution, laws, or treaties of the United States.  See Complaint ¶¶ 1-26, at 1-4; Dutcher v. Matheson, 733 F.3d 960, 985 (10th Cir. 2013)(noting that when a complaint does "not assert any cause of action premised upon a violation of a federal statute or the Constitution," then the federal courts "typically . . . [do] not have jurisdiction under § 1331").  Additionally, the necessary elements of these two personal-injury causes of action "do not rise or fall on the resolution of a question of federal law." Firstenberg v. City of Santa Fe, 696 F.3d at 1026 (internal quotation marks and citation omitted).  See id. at 1023 (noting that "[t]he 'substantial question' branch of federal question jurisdiction is exceedingly narrow -- a 'special and small category' of cases")(internal quotation marks and citations omitted).  Although St. Clair's counsel may have intended to raise "claims under both federal and state law," Response at 1, no federal claims appear on the face of St. Clair's well-pleaded Complaint.  See Pfeiffer v. Hartford Fire. Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991)("[T]he propriety of removal is judged on the complaint as it stands at the time of removal.").  Because the claims raised in Plaintiff's Complaint do not arise under federal law, the Court concludes that it lacks federal-question jurisdiction.

**IT IS ORDERED** that this case is remanded to the Eighth Judicial District, Union County, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stacy Ward
Los Lunas, New Mexico

    *Attorney for the Plaintiff*

- 4 -

April D. White
Yenson, Allen & Wosick, P.C.
Albuquerque, New Mexico

*Attorney for Defendants The Geo Group, Inc., Beatty, and Hatch*